IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.                                                         Civ. No. 17-621 KG/KK

ROGER SAUL, ROSEANNE SILVA, and
ESTATE OF JAMES SILVA, deceased,

    Defendants

AND                                               Consolidated with

ROGER SAUL and ROSANNE SILVA,

    Plaintiffs,

v.                                                        Civ. No. 18-411 KG/KK

NEW YORK LIFE INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Roger Saul's "Plaintiffs [sic] Response and Objection to 'Removal' (From Metropolitan Court T-4-CV-2018-005720)" (Motion to Remand), filed on May 9, 2018. (Doc. 7), filed in Civ. No. 18-411 KG/KK.[1] New York Life Insurance Company (New York) filed a response on May 23, 2018. (Doc. 8). Having reviewed the Motion to Remand and the response, the Court grants the Motion to Remand.

---

[1] Unless otherwise noted, docket references are to filings in Civ. No. 18-411 KG/KK.

*A. Background*

In June 2017, New York sued Mr. Saul, Rosanne Silva, and the estate of James Silva in federal court to seek a declaratory judgment with respect to a $100,000 life insurance policy that New York had issued to Mr. Silva. (Doc. 1), filed in Civ. No. 17-621 KG/KK. New York specifically seeks a

> declaratory order that the Policy was effectively rescinded, that the beneficiary has affirmatively waived all claims under the Policy, that no proceeds are payable under the Policy, and that no action may be brought under the Policy.

*Id.* at ¶ 2.

In April 2018, Mr. Saul filed a civil complaint against New York in Metropolitan Court, County of Bernalillo, State of New Mexico, in which he seeks $60,000 for New York's alleged wrongful conduct related to the life insurance policy at issue in New York's federal lawsuit. (Doc. 1-2) at 5. The Court notes that the jurisdictional monetary limit for Metropolitan Court is $10,000.[2] *See* NMSA 1978, § 34-8A-3(A)(2) (2006 Repl. Pamp.).

On May 1, 2018, New York invoked 28 U.S.C. § 1441 to remove Mr. Saul's lawsuit to this Court on the basis of federal diversity jurisdiction and supplemental jurisdiction.[3] (Doc. 1). *See* 28 U.S.C. § 1441(a) (providing for removal to federal court of state civil actions "of which the district courts of the United States have original jurisdiction"). *See also* 28 U.S.C. § 1332(a) (stating that diversity jurisdiction requires an amount in controversy exceeding $75,000); 28 U.S.C. § 1367(a) (permitting "supplemental jurisdiction over all other claims that are so related

---

[2] Mr. Saul has since moved to amend the Metropolitan Court complaint to limit the damages he seeks to $10,000. (Doc. 9) at 2.

[3] In the past, supplemental jurisdiction was known as pendant or ancillary jurisdiction.

to claims in the action [with] … original [federal] jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

A few days after the removal, Mr. Saul filed his Motion to Remand arguing that (1) this Court does not have diversity jurisdiction over the Metropolitan Court lawsuit because the amount in controversy in that lawsuit does not exceed $75,000, and (2) the Court does not have supplemental jurisdiction over the Metropolitan Court lawsuit because that lawsuit and New York's federal lawsuit do not share common questions of law or fact. (Doc. 7). Then, in July 2018, the Court consolidated the removed Metropolitan Court lawsuit with New York's federal lawsuit. (Doc. 92), filed in Civ. No. 17-621 KG/KK.

B. Discussion

   1. Diversity Jurisdiction

New York concedes that "the jurisdictional limits in the Bernalillo County Metropolitan Court might prevent removal to this Court since the Metropolitan Court's jurisdiction is limited to cases valued at or below $10,000." (Doc. 8) at 2. Nonetheless, New York argues that the amount in controversy in the Metropolitan Court lawsuit is actually over $75,000 because the value of the life insurance policy at issue in the Metropolitan Court lawsuit as well as in the New York's federal lawsuit is $100,000. This argument, however, lacks merit. Each consolidated lawsuit must have an independent basis for exercising federal subject matter jurisdiction. *See United States v. Tippett,* 975 F.2d 713, 717 (10th Cir.1992) ("The Fifth Circuit treats consolidated cases as separate when determining whether the district court had jurisdiction to entertain the suits. We assume all circuits would hold similarly that no suit filed independently could escape the jurisdiction requirements of federal question or diversity because it was consolidated with another after filing." (citations omitted)); *Kuehne & Nagel (AG & Co) v.*

*Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989) (holding that court "must view each consolidated case separately to determine the jurisdictional premise upon which each stands"). Here, it is clear that the $60,000 Mr. Saul seeks in the Metropolitan Court lawsuit does not separately meet the $75,000 amount in controversy necessary to establish diversity jurisdiction in that lawsuit.

Alternatively, New York argues that "[a]ttempting to defeat federal jurisdiction by filing claims in a forum with a small jurisdictional threshold is no different than amending a complaint in an attempt to defeat diversity jurisdiction…." (Doc. 8) at 5. New York does not provide any legal citation to support this argument. Additionally, New York's argument is not persuasive considering the need for each consolidated case to have an independent basis for federal subject matter jurisdiction. New York has not convinced the Court that at the time of removal the Court had diversity jurisdiction over the Metropolitan Court lawsuit. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir.1991) ("the propriety of removal is judged on the complaint as it stands at the time of the removal").

*2. Supplemental Jurisdiction*

Next, New York contends that the Court has supplemental "jurisdiction over all claims arising from the parties' dispute over the validity of the life insurance policy that is the subject of the Declaratory Suit," including the claims raised in the Metropolitan Court lawsuit. (Doc. 8) at 5. It is well-established, however, that supplemental "jurisdiction does not provide an independent source or removal separate from [28 U.S.C.] § 1441." *Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705 (8th Cir. 2003). Moreover, supplemental "jurisdiction does not authorize removal under § 1441." *Id.* at 706. This is so "even if the action which a defendant seeks to remove is related to another action over which the federal district court already has

subject-matter jurisdiction….." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (quoted in *Motion Control Corp.*, 354 F.3d at 706). *See also Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441."). The Court can only exercise "supplemental jurisdiction over claims that are *within the same civil action as a federal question claim … and those claims alone.*" *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) (citation omitted). Applying the above law to the situation here, the Court concludes that it cannot exercise supplemental jurisdiction arising from New York's federal lawsuit to hear the Metropolitan Court lawsuit.

*3. Conclusion*

At the time of removal, the Court did not have diversity jurisdiction over the Metropolitan Court lawsuit nor did it have any federal question jurisdiction. In addition, the Court did not have supplemental jurisdiction over the Metropolitan Court lawsuit. Consequently, New York did not have a jurisdictional basis for removing the Metropolitan Court lawsuit to this Court. Remand, therefore, is appropriate.

IT IS ORDERED that

1. "Plaintiffs [sic] Response and Objection to 'Removal' (From Metropolitan Court T-4-CV-2018-005720)" (Doc. 7), filed in Civ. No. 18-411 KG/KK, is granted; and

2. Civ. No. 18-411 KG/KK will be remanded to Metropolitan Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

5